# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL CURTIS REYNOLDS,**

        Petitioner,

  vs.                              Case No. 18-cv-1186-DRH

**WERLICH, and**
**FCI GREENVILLE**

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in FCI Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his prison placement. Petitioner alleges that he has been consistently misplaced throughout his time in the custody of the Bureau of Prisons, and that his current facility point total justifies placement in a "LOW" facility. (Doc. 1, p. 1).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## The Petition

Petitioner states that he is challenging the location or conditions of his sentence. (Doc. 1, p. 1). The Petition is rambling and difficult to follow, but generally Petitioner alleges that he has been assaulted six times, threatened by staff, lost property, lost legal documents, and had his records altered. (Doc. 1, p. 2). Petitioner also alleges that this is intentional conduct, carried out in retaliation. (Doc. 1, pp. 2-3, 6, 8). Petitioner also challenges the BOP's "step-down" policy by which an inmate must do well at a higher facility for a certain period of time before being transferred to a lower facility, (Doc. 1, pp. 2-3), the encumbrance of his funds, (Doc. 1, p. 3), the lack of stamps made available to indigent inmates, *Id.*, an August 24, 2017 incident wherein he got into a dispute with Lt. Vandervender, (Doc. 1, pp. 3-5), an incident at FCI Hazelton with the AW, (Doc. 1, p. 5), his transfer more than 500 miles outside his home region, (Doc. 1, pp. 5-7), the law library hours at Greenville, (Doc. 1, p. 6), and the confiscation of his property at various times. (Doc. 1, p. 8). Petitioner also notes that he has another § 2241 petition, which he expects to be released pursuant to any day now. (Doc. 1, p. 9). In light of his imminent release, Petitioner requests all property be returned to him in 10 business days, proper placement in a LOW facility near his home state (specifically Danbury FCI or FCI Otisville), the removal of five illegal points from his prison record, and replacement of any personal property the BOP is unable to return, free of charge. *Id.*

**Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

First, there is some disagreement among the district courts in the Seventh Circuit as to whether a habeas corpus petition is the proper vehicle to make a claim regarding placement. *See Woolridge v. Cross*, 2014 WL 4799893 (S.D. Ill. Sept. 26, 2014) (finding that claim must be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)); *Stokes v. Cross*, 2014 WL 503934, at *2 (S.D. Ill. Feb. 2014) (same); *Moody v. Rios*, 2013 WL 5236747 (C.D. Ill. Sept. 17, 2013) (finding that halfway house placement can be addressed under § 2241); *Feazell v. Sherrod*, 2010 WL 5174355 (S.D. Ill. Dec. 16, 2010) (same); *Pence v. Holinka*, 2009 WL 3241874 (W.D. Wis. Sept. 29, 2009) (same).

Requests for quantum change in the level of custody, such as outright freedom, probation, etc., are typically brought as habeas corpus actions, while requests for a change in the circumstances of confinement are typically brought as civil rights actions. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). "Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then 'his challenge can only concern the

3

conditions of his confinement . . . not the fact of his confinement. As such, he may not proceed with a habeas petition.'" *Stokes v. Cross*, 2014 WL 503934, at *2 (S.D. Ill. Feb. 2014) (citing *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

Here, Petitioner has alleged that his request for outright release is the subject of another petition. He has further made claims that would typically sound in civil rights litigation, like his claims that certain guards are harassing or retaliating against him, and his insinuations that he is being deprived of his access to courts because he is not being given adequate legal supplies or access to the law library. His request for relief is also mixed, and includes requests that are not cognizable in a habeas proceeding, like his request for financial compensation for any lost property and certain equitable requests to return property. Moreover, a review of Petitioner's litigation history reveals a motive for attempting to shoehorn civil rights claims into a habeas proceeding–Petitioner has accrued at least 7 strikes pursuant to 28 U.S.C. 1915(g), which bar him from proceeding in forma pauperis. *See Reynolds v. Donate*, 07-cv-892-JFM-JVW (M.D. Pa. 2007); *Reynolds v. Lackawanna Cnty. Prison*, 06-cv-1190 (M.D. Pa. 2006); *Reynolds v. Gurganus, et al.*, 06-cv-1753 (M.D. Pa. 2006); *Reynolds v. Kosik et. al.*, 06-cv-2466 (M.D. Pa. 2007); *Reynolds v. Kosik,* 07-cv-083-JFM-JVW (M.D. Pa. 2007); *Reynolds v. Donate*, 07-131-JFM-JVW (M.D. Pa 2007); *Reynolds v. Whitebread*, 07-cv-297-JFM-JVW (M.D. Pa. 2007).[1] Perhaps most damningly, Petitioner has made identical arguments previously in another civil rights

---

[1] This is not an exhaustive list of Petitioner's strikes.

proceeding, *see Reynolds v. Ives*, 15-cv-1904-MWF-JCG (C.D. Ca.)(Doc. 4, p. 2) ("On September 17, 2015, plaintiff Michael Curtis Reynolds . . . lodged a civil rights complaint . . . alleging that authorities at United States Penitentiary, Victorville . . . "refused to correct" his improper placement at that institution.").

In sum, this action appears to be more like the challenges to requests for work release, transfer between prisons, or changes in housing quarters that have been held to constitute civil rights actions as opposed to habeas corpus proceedings. *Pischke v. Litscher*, 178 F.3d 497,499 (7th Cir. 1999); *Falcon v. U.S. BOP*, 52 F.3d 137, 138 (7th Cir. 1995); *Adams v. Beldsoe*, 173 F. App'x. 483, 484 (7th Cir. 2006). However, assuming *arguendo* that Petitioner may proceed under § 2241 and that the Court has jurisdiction to consider his Petition, he is still not entitled to the relief sought.

Title 18 U.S.C. § 4001 grants the Attorney General authority to manage federal correctional institutions, and that authority has been delegated to the BOP. 28 C.F.R. § .96; BOP Program Statement 5100.08. It is well-settled that prison officials have discretion over prisoner classifications and that prisoners have no legitimate due process concerns with respect to such classifications. *Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976). *See also, Olim v. Wakinekona,* 461 U.S. 238, 245 (1983)(holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.) "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed

upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Hewitt v. Helms,* 459 U.S. 460, 468 (1983).

Because the Court finds that Petitioner's claims are not cognizable in a habeas proceedings, and would likely fail even if they were pursued in an appropriate action, the Court will **DISMISS** the Petition with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal

deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.20 16:00:49
-05'00'

**United States District Judge**